IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

4 WEST, LLC,

    Plaintiff,

v.

AUTO-OWNERS (MUTUAL)
INSURANCE COMPANY,

    Defendant.

Case No. 3:20-cv-01

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT AUTO-OWNERS (MUTUAL) INSURANCE COMPANY'S MOTION TO BIFURCATE CASE AND STAY DISCOVERY RELATIVE TO PLAINTIFF'S BAD- FAITH CLAIM (DOC. #8)

---

Plaintiff, 4 West, LLC, filed suit against its insurer, Auto-Owner's (Mutual) Insurance Company ("Auto-Owners"), asserting claims of breach of contract, breach of fiduciary duty, declaratory judgment and bad faith.

This matter is currently before the Court on Defendant Auto-Owners' Motion to Bifurcate Case and Stay Discovery Relative to Plaintiff's Bad-Faith Claim, Doc. #8.[1] For the reasons set forth below, the Court overrules the motion.

---

[1] The Court reserved ruling on this motion for several months while the parties were engaged in settlement discussions. The mediation held on November 3, 2020, however, was unsuccessful.

I.     **Background and Procedural History**

On January 4, 2018, a boiler malfunctioned on the premises of 4 West, LLC ("the Premises"), causing extensive water damage to several floors of the building and damaging elevator cables. 4 West notified its insurer, Auto-Owners, of the damage. Repairs began in February of 2018, and continued through August of 2019. Repairs were complicated by the fact that the building contained asbestos.

Although total damages exceeded $2.4 million, Auto-Owners has paid only $710,433.59. On November 18, 2019, Auto-Owners notified 4 West that it was denying the remainder of the claim under the "Equipment Breakdown Endorsement" of the policy and that, moving forward, the cause of loss would be treated as a "pipe freeze."

Plaintiff initiated this lawsuit on January 3, 2020, asserting state law claims of breach of contract, breach of fiduciary duty, declaratory judgment and bad faith. Doc. #1. Auto-Owners has filed a Motion to Bifurcate Case and Stay Discovery Relative to Plaintiff's Bad-Faith Claim. Doc. #8. It argues that bifurcation is either mandated by Ohio Revised Code § 2315.21(B)(1), or permitted by Federal Rule of Civil Procedure 42(b), and that it would be prejudicial to its defense to try all claims together at trial. In addition, Auto-Owners asks the Court to stay all discovery related to Plaintiff's claim of bad faith. The Court turns first to the motion to bifurcate trial of the bad-faith claim from the rest of the claims.

## II. Auto-Owners' Motion to Bifurcate Case for Trial (Doc. #8)

### A. Federal Rule of Civil Procedure 42(b) Governs Bifurcation of Diversity Claims in Federal Court

Ohio Revised Code § 2315.21(B)(1), governing tort actions, *requires* the court to bifurcate claims for compensatory damages from claims for punitive or exemplary damages. Fed. R. Civ. P. 42(b), on the other hand, *permits* the court, in its discretion, to bifurcate claims for trial. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

Auto Owners argues that the Ohio statute mandates bifurcation of Plaintiff's bad-faith claims. However, federal courts sitting in diversity must apply state substantive law and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). "Bifurcation is a procedural matter addressed by Fed. R. Civ. P. 42(b) and, thus, Rule 42(b) is the controlling authority for assessing whether a federal court will grant a motion to bifurcate." *Patel Family Trust v. AMCO Ins. Co.*, No. 2:11-cv-1003, 2012 U.S. Dist. LEXIS 97412, at *3 (S.D. Ohio July 13, 2012) (Frost, J.). *See also Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 U.S. Dist. LEXIS 79643, at *6 (S.D. Ohio July 14, 2010) (Frost, J.) (noting that "ample precedent" dictates that federal law governs bifurcation in diversity cases).

Citing *Havel v. Villa St. Joseph*, 131 Ohio St. 3d 235, 2012-Ohio-552, 963 N.E.2d 1270, at ¶26, Auto-Owners notes that Ohio has characterized Ohio Revised

3

Code 2315.21(B) as substantive in nature because it creates a mandatory right to bifurcation. This, however, "does not mean that a federal court is bound by the characterization." *Patel Family Trust*, 2012 U.S. Dist. LEXIS 97412, at *4. The state's characterization of its own rule as "substantive" must "yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court." *Id.* (quoting *Rosales v. Honda Motor Co., Ltd.*, 726 F.2d 259, 262 (5th Cir. 1984)).

As such, the Court finds that Fed. R. Civ. P. 42(b) governs the bifurcation issue in this case. Under that Rule, bifurcation of the bad-faith claim is permitted, but not required.

**B.  Analysis**

Fed. R. Civ. P. 42(b) permits the Court to bifurcate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." However, "[b]ifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 U.S. Dist. LEXIS 35230, at *2 (S.D. Ohio Mar. 16, 2010) (Kemp, M.J.). The party seeking bifurcation has the burden of proving that bifurcation is warranted. *Id.* at *3.

At this juncture, Auto-Owners has failed to satisfy its burden of showing that this is an "exceptional" case that justifies bifurcation. Citing judicial economy and a general desire to "spare the parties from expending unnecessary resources

4

during the discovery process, for a claim that may very well be mooted," Doc. #8, PageID##101-02, Auto-Owners urges the Court to bifurcate the bad-faith claim.

Auto-Owners correctly notes that, unless Plaintiff succeeds on its breach-of-contract or declaratory judgment claim, the bad-faith claim is moot. Nevertheless, standing alone, this does not necessarily warrant bifurcation. *See Wolkosky*, 2010 U.S. Dist. LEXIS 79643, at *13 ("a defendant may not ground its bifurcation argument on the mere possibility that resolution of the breach of contract issue may preclude the plaintiff's bad faith claim.").

Auto-Owners maintains that trying the bad-faith claim together with the breach-of-contract claim would be unfairly prejudicial, but fails to explain how. It further argues that evidence of bad faith introduced at a trial on the claim for compensatory damages would be misleading or confusing to the jury, who may improperly conflate the two. However, a "mere assertion of prejudice" is insufficient to warrant bifurcation, and the simple fact that the claims would be tried jointly does not "give sufficient reason to believe that jury confusion would result." *Id.* at **11-12. As the court held in *Woods*, "[t]here is no reason to believe at this juncture that a jury would be confused by the presentation of evidence on both the insurance coverage and [the insurer's] alleged bad faith." 2010 U.S. Dist. LEXIS 35230, at *9.

The Court agrees with Plaintiff that, under the circumstances presented here, bifurcation would be burdensome, inefficient and inconvenient, given that evidence relevant to the breach-of-contract claim overlaps with the evidence

5

relevant to the bad-faith claim. The Court therefore OVERRULES Auto-Owners' Motion to Bifurcate the claims for trial, but it does so WITHOUT PREJUDICE to refiling should facts revealed during discovery provide additional support for Auto-Owners' claim that it will suffer prejudice if the claims are tried together. *See id.* at **8-9 (finding motion to bifurcate to be premature because discovery on the bad-faith claim had not yet taken place and "many of the facts needed to determine whether bifurcation is appropriate [were] unknown.").

### III. Auto-Owners' Motion to Stay Discovery on the Bad-Faith Claim (Doc. #8)

Auto-Owners also asks the Court to stay all discovery related to the bad-faith claim. It notes that claim files often contain attorney-client privileged communications related to the issue of coverage, and disclosure of such communications may impact the ability of the insurer to defend against the underlying breach-of-contract claim. For this reason, courts sometimes stay discovery on the bad-faith claim pending resolution of the breach-of-contract claim. *See, e.g., Ferro Corp. v. Cont'l Cas. Co.*, 1:06cv1955, 2008 U.S. Dist. LEXIS 108010 (N.D. Ohio Jan. 7, 2008); *RLI Ins. Co. v. Fifth Third Bancorp*, 1:14cv802, 1:14cv869, 2016 U.S. Dist. LEXIS 191623 (S.D. Ohio July 27, 2016) (Bowman, M.J.).

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). *See also* Fed. R. Civ. P. 26. A stay of discovery related to a bad-faith claim is not mandatory and mere assertions of

prejudice are insufficient. *Maxey v. State Farm Fire & Cas. Co.*, 569 F. Supp.2d 720, 723 (S.D. Ohio 2008) (Spiegel, J.). Insurance companies must show "how the information requested by Plaintiff would impact their ability to defend the breach of contract claims." *Id.* Courts must consider not only prejudice to the insurance company, but also "prejudice to the Plaintiff, and the interests of judicial economy if the Court granted a stay of discovery." *Id.*

Bifurcation of discovery necessarily involves duplication of depositions of witnesses and documents that are relevant to both claims. Moreover, as the court noted in *Wolkosky*, staying all discovery pending trial of the breach-of-contract claim creates "an obvious problem" with jury management between each phase of trial. 2010 U.S. Dist. LEXIS 79643, at *13. Plaintiff points out that Auto-Owners has not specifically identified how it will be prejudiced if the stay of discovery is not granted. Plaintiff maintains that bifurcation of discovery on its interrelated claims would be prejudicial given that it would result in increased litigation costs and a delay of trial.

Having reviewed all relevant factors, the Court OVERRULES Auto-Owners' Motion to Stay Discovery related to the bad-faith claim, Doc. #8. As in *Maxey*, "the potential prejudice to Plaintiff, as well as the concerns of judicial economy, outweigh any possible prejudice" to the insurance company. 569 F. Supp.2d at 723. *See also Gaffney v. Fed. Ins. Co.*, 5:08cv76, 2008 U.S. Dist. LEXIS 64450, at *7 (N.D. Ohio Aug. 21, 2008) (refusing to stay discovery where "the resulting prejudice to plaintiffs and negative impact on judicial economy outweighs the

speculative prejudice to [Defendant] that may result from simultaneous discovery of the coverage and bad faith claims."). To the extent that Auto-Owners feels it necessary to challenge the production of specific privileged documents that it believes to be prejudicial, it may file an appropriate motion and, if necessary, submit those documents to the Court for an *in-camera* review.

IV.  Conclusion

For the reasons set forth above, the Court OVERRULES Auto-Owners' Motion for Bifurcation of Plaintiff's Bad-Faith Claim, WITHOUT PREJUDICE to refiling upon the completion of discovery. The Court OVERRULES WITH PREJUDICE Auto-Owners' Motion to Stay Discovery on Plaintiff's Bad-Faith Claim. Doc. #8.

Date: January 11, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE